[927 NYS2d 154]

In the Matter of Andrea J. Robinson, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, July 19, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Kathryn Donnelly Gur-Arie* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter Grievance Committee) served the respondent with a petition and a supplemental petition. Following a preliminary hearing and a hearing, the Special Referee sustained all three charges of professional misconduct. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and appropriate. The respondent has not submitted any papers in response to the motion.

Charge one alleges that the respondent converted funds entrusted to her as a fiduciary, incident to her practice of law for her own use and benefit, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4]). At all relevant times, the respondent maintained an attorney trust account at Sovereign Bank, entitled "IOLA/Robinson Law Firm PC." On June 25, 2008, she deposited into her escrow account a check in the amount of $68,427.42, representing mortgage payoffs in the sum of $31,213.71 for each of two clients, Greer Smith and Wilma Thomas, and an attorney's fee in the sum of $6,000 due the respondent. The balance in the account on June 25, 2008 was $69,328.75, of which $62,427.42 represented funds belonging to Ms. Smith and Ms. Thomas. Thereafter, the respondent withdrew from the escrow account funds in excess of the sum to which she was entitled, for her own use and benefit. On

November 10, 2008, when the respondent made a partial disbursement to her clients of $22,000 each, the balance in the account was only $4,193.75, even though the respondent still owed her clients a total of $18,427.42.

Charge two alleges that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In June 2006, the respondent was retained by Georgine Assante to procure letters of administration for the estate of her brother. Ms. Assante paid the respondent a fee of $1,000. After the respondent drafted the letters of administration, she failed to do any further work on the case. The respondent also failed to communicate with her client and failed to respond to her client's telephone calls, letters, and e-mails.

Charge three alleges that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). In August 2006, the respondent was retained by Loretta Van Bergen to obtain a divorce. Ms. Van Bergen paid the respondent a fee of $5,000. On November 13, 2007, after the parties came to an agreement, an inquest was held by the court. Thereafter, the respondent took no further action to finalize the divorce.

Based on the uncontroverted nature of the charges and the respondent's admissions, the Special Referee properly sustained the charges. Accordingly, the motion to confirm the Special Referee's report is granted.

In mitigation, the respondent testified that she withdrew money from her escrow account in order to make repairs and improvements on her mother's house so that her mother, whom she was caring for, could be made more comfortable. The respondent's mother, who was 85 years old at the time, suffered from Alzheimer's and Parkinson's diseases. The respondent also testified that her neglect of two matters was directly attributable to clinical depression, which at the time had gone untreated.

The respondent has no prior disciplinary history.

Notwithstanding the fact that the respondent is remorseful, and that she replaced the converted funds before any investigation began, the respondent committed serious professional misconduct when she intentionally converted client funds for personal use and neglected legal matters entrusted to her. In view of the significant mitigation advanced, we conclude that the respondent's suspension from the practice of law for a period of 2½ years is warranted.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and COVELLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Andrea J. Robinson, is suspended from the practice of law for a period of 2½ years, commencing August 22, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 22, 2013. In such application, the respondent shall furnish satisfactory proof that during the said period she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted herself; and it is further,

Ordered that the respondent, Andrea J. Robinson, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this court, the respondent, Andrea J. Robinson, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrea J. Robinson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).